UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOEL N. COHEN, ) | |
| ) | |
| Plaintiff/Counter-Defendant, ) | |
| ) | CIVIL ACTION NO. |
| VS. ) | |
| ) | 3:05-CV-1771-G |
| NCO FINANCIAL SYSTEMS, INC., ) | |
| ET AL., ) | **ECF** |
| ) | |
| Defendants, ) | |
| ) | |
| AND ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant/Counter-Plaintiff. ) | |

### MEMORANDUM OPINION AND ORDER

Before the court is the motion of the defendant NCO Financial Systems, Inc. ("NCO") for summary judgment on the plaintiff's claims. For the reasons stated below, the court pretermits decision on this motion for the moment to address a more fundamental threshold question -- whether it can grant relief on -- indeed, whether it even has subject matter jurisdiction over -- this claim.

I. BACKGROUND

The plaintiff in this case, Joel N. Cohen ("Cohen"), commenced this action against three defendants: NCO Financial Systems, Inc. ("NCO"), the United States Secretary of Education in her official capacity as the head of the United States Department of Education ("Secretary"), and the United States of America. The dispute arises out of Cohen's claim that NCO continued efforts to collect loans which had already been compromised and settled. Plaintiff's Original Complaint ("Complaint") ¶¶ 20-22, 32-33. Cohen claims that as a result of these efforts, his Social Security benefits have been wrongfully withheld. *Id.* ¶¶ 32-33. Based on these allegations, Cohen asserts three causes of action against the defendants: (1) breach of contract; (2) mandamus; and (3) fraud and rescission of contract. *Id.* ¶¶ 34, 43, 48.

Jurisdiction in this case is based on 28 U.S.C. § 1331. The original complaint states that federal question jurisdiction exists "because one or more claims herein arise under Part B, Subchapter IV, Chapter 28 of Title 20." Complaint ¶ 7. Specifically, Cohen argues that Title 20, also referred to as the Higher Education Act, provides the court with jurisdiction because it states that the Secretary may "sue or be sued . . . in any district court of the United States." 20 U.S.C. § 1082(a)(2). The defendants have not contested this jurisdictional allegation.

## II. ANALYSIS

The unclear issue in this case is whether Cohen has the right to file suit under the Higher Education Act. Title 20 does not expressly provide for a private right of action, and although several other courts have addressed the question of whether one exists, the Fifth Circuit has yet to do so. When a federal statute does not expressly provide for a private right of action, there are four factors to consider in determining whether one should be implied. *Cort v. Ash*, 422 U.S. 66, 78 (1975). First, is the plaintiff "one of the class for whose especial benefit the statute was enacted?" *Id.* Second, is there any indication of legislative intent to create or deny a private right of action? *Id.* Third, would it be consistent with the underlying purpose of the legislative scheme? *Id.* And finally, is the cause of action one traditionally relegated to state law? *Id.* These factors, however, are not entitled to equal weight. *Touche Ross & Company v. Redington*, 442 U.S. 560, 575 (1979). Instead, the "central inquiry" is Congress's intent. *Id.* It thus becomes necessary to explore the Higher Education Act's legislative history to determine whether a private right of action was intended.

Unfortunately, the legislative history never refers to a private right of action. Thus, the courts have only silence to interpret. One case interpreted this silence to mean that a private right of action does exist. *De Jesus Chavez v. LTV Aerospace Corporation*, 412 F. Supp. 4, 7 (N.D. Tex. 1976). In support of this conclusion, the court reasoned that "[n]either the language of the statute nor the legislative history

shows an explicit congressional purpose to deny the plaintiff her cause of action." *Id.* Since *De Jesus*, however, the Supreme Court has stated that "implying a private right of action on the basis of congressional silence is a hazardous enterprise, at best." *Touche Ross*, 442 U.S. at 571. There, the Court concluded that congressional silence supported its decision that no private right of action exists under a different statute. Thus, *De Jesus* may no longer be good law.

In addition, many more cases have held that the Higher Education Act does not create a private right of action. Indeed, "nearly every court to consider the issue in the last twenty-five years has held that there is no express or implied private right of action to enforce any of the HEA's provisions." *McCulloch v. PNC Bank, Inc.*, 298 F.3d 1217, 1221 (11th Cir. 2002) (citing *Labickas v. Arkansas State University*, 78 F.3d 333, 334 (8th Cir.), *cert. denied*, 519 U.S. 968 (1996); *Parks School of Business v. Symington*, 51 F.3d 1480, 1485 (9th Cir. 1995); *L'ggrke v. Benkula*, 966 F.2d 1346, 1348 (10th Cir. 1992); *Bartels v. Alabama Commercial College*, 918 F. Supp. 1565, 1573 (S.D. Ga.1995), *aff'd in part, rev'd in part*, 189 F.3d 483 (11th Cir. 1999) (table), *cert. denied*, 528 U.S. 1074 (2000); *New York Institute of Dietetics, Inc. v. Great Lakes Higher Education Corp.*, No. 94-CIV-4858, 1995 WL 562189 (S.D.N.Y. Sept.21, 1995), *Moy v. Adelphi Institute, Inc.*, 866 F. Supp. 696, 705 (E.D.N.Y. 1994); *Jackson v. Culinary School of Washington*, 788 F. Supp. 1233, 1256-60 (D.D.C. 1992), *remanded on other grounds*, 27 F.3d 573 (D.C. Cir. 1994), *vacated on other grounds*, 515 U.S. 1139

(1995); *Keams v. Tempe Technical Institute, Inc.*, 807 F. Supp. 569, 570 (D. Ariz. 1992), *reversed on other grounds*, 39 F.3d 222 (9th Cir. 1994); *Hudson v. Academy of Court Reporting*, 746 F. Supp. 718, 721 (S.D. Ohio 1990); *St. Mary of the Plains College v. Higher Education Loan Program of Kansas, Inc.*, 724 F. Supp. 803, 806-07 (D. Kan. 1989); *Graham v. Security Savings and Loan*, 125 F.R.D. 687, 693 (N.D. Ind.1989), *aff'd sub nom Veal v. First American Savings Bank*, 914 F.2d 909 (7th Cir. 1990)). Moreover, the Supreme Court has stated that grants of a right of action must be made with specificity. *United States v. Testan*, 424 U.S. 392, 400 (1976).

There are, however, arguments to be made that a private right of action exists under the Higher Education Act. *De Jesus* points out that a private right of action is consistent with the purpose of the legislative scheme since the Commissioner of Education cannot possibly investigate and prosecute every violation of the Higher Education Act. *De Jesus*, 412 F. Supp. at 7. And Cohen, because he is a student borrower, is a member of the class for whose especial benefit the Higher Education Act was enacted. *Id.* at 6.

In sum, it is unclear to the court whether a private right of action exists under Title 20 of the United States Code. Consequently, it is also unclear whether a proper basis for federal question jurisdiction exists in this case. Rather than addressing this issue without argument, the court invites briefing from the parties in the case.

III.  <u>CONCLUSION</u>

The motion for summary judgment is, for the time being, neither granted nor denied.  The parties are requested to provide additional briefing on the question of whether Cohen has a private right of action under the Higher Education Act so that federal question jurisdiction exists in this case.  The plaintiff's initial briefing is due on **July 14, 2006**  with a response from the defendants due on **August 3, 2006**.

**SO ORDERED**.

June 30, 2006.

_____
A. JOE FISH
CHIEF JUDGE